Timothy J. Thomason (#009869)
Tim.thomason@mwmf.com
Kelly W. Lewis (#015479)
Kelly.lewis@mwmf.com
**MARISCAL, WEEKS, MCINTYRE**
  **& FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ENTERTAINMENT NETWORKS, LTD., a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>GoDaddy.com, Inc., an Arizona corporation,<br><br>Defendant. | NO. CV 05-04254-JAT-PHX<br><br>**AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

Defendant GoDaddy.com, Inc. ("GoDaddy"), an Arizona corporation, by and through undersigned counsel, for its Amended Answer to the Amended Complaint of Entertainment Networks, Ltd. ("ENL"), hereby admits, denies and alleges as follows:

**ANSWER TO "PARTIES"**

1. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. GoDaddy admits the allegations in paragraph 2 of the Complaint.

**ANSWER TO "JURISDICTION AND VENUE"**

3-5. Answering paragraphs 3-5 of the Complaint, GoDaddy does not dispute the jurisdiction and venue are proper in this Court.

## ANSWER TO "COURT GENERAL ALLEGATIONS"

6-8.   GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 6-8 of the Complaint and therefore denies the same.

9.   Answering paragraph 9, GoDaddy admits that it is the world's largest domain name registrar.  GoDaddy further admits that it offers a complete product line, including comprehensive hosting solutions, web site creation tools, secure SSL certificates, personalized e-mail with spam and anti-phishing filtering, e-commerce tools and other products and services.

10.   Answering paragraph 10, GoDaddy admits that it provided certain domain name registration services to plaintiff and that it registered numerous domain names on behalf of plaintiff.

11.   Answering paragraph 11, GoDaddy admits that customers who utilize its domain name registration services are requested to agree to the terms of the Domain Name Registration Agreement ("DNRA") available on GoDaddy's web site.

12.   Answering paragraph 12, GoDaddy admits that it requests that customers utilizing its domain name registration services agree to its spam policy.

13-16.   Answering paragraphs 13-16 of the Complaint, GoDaddy states that its DNRA speaks for itself.

17-18.   GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 17-18 of the Complaint and therefore deny the same.

19.   Answering paragraph 19 of the Complaint, GoDaddy admits that it received numerous spam complaints about ENL domain names in January of 2005, that warnings were sent to ENL, that ENL did not respond to those complaints until after the domain names had been suspended, that GoDaddy subsequently worked with ENL to resolve those complaints, that it agreed to send further direct spam complaints to ENL, and that ENL agreed to

terminate affiliates found to be sending spam. The remaining allegations in paragraph 19 are denied.

20. Answering paragraph 20, GoDaddy admits that it deactivated various domains that had been registered by plaintiff on or about July 29, 2005.

21. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22-23. Answering paragraph 22-23 of the Complaint, GoDaddy states that the July 31, 2005 e-mail speaks for itself. GoDaddy admits that the ENL domain names were deactivated because they were implicated in a Spamhaus blacklist that had the potential to jeopardize the mail connection of GoDaddy's other e-mail customers.

24. GoDaddy denies the allegations in paragraph 24 of the Complaint

25. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26. GoDaddy denies the allegations in paragraph 26 of the Complaint.

27. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28. Answering paragraph 28, GoDaddy admits that the connectivity of its e-mail customers was at risk. GoDaddy denies the remaining allegations of paragraph 28 of the Complaint.

**ANSWER TO "COUNT I"**

29. Answering paragraph 29, GoDaddy incorporates herein by reference the prior provisions of this Answer.

30-34. GoDaddy denies the allegations in paragraphs 30-34 of the Complaint.

**ANSWER TO "COUNT II"**

35. Answering paragraph 35, GoDaddy incorporates herein by reference the prior provisions of this Answer.

36. Answering paragraph 36, GoDaddy admits that a contract existed between it and ENL and further admits that under Arizona law an implied covenant of good faith and fair dealing exists in every contract.

37. Answering paragraph 37, GoDaddy states that the allegations in paragraph 37 are legal conclusions, to which no answer is required.

38-39. GoDaddy denies the allegations in paragraphs 38-39 of the Complaint.

**ANSWER TO "COUNT III"**

40. Answering paragraph 40, GoDaddy incorporates herein by reference the prior provisions of this Answer.

41-42. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 41-42 of the Complaint and therefore denies the same.

43-45. GoDaddy denies the allegations in paragraphs 43-45 of the Complaint.

46. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint and therefore denies the same.

47-48. GoDaddy denies the allegations in paragraphs 47-48 of the Complaint.

**ANSWER TO "COUNT IV"**

49. Answering paragraph 49, GoDaddy incorporates hereby by reference the prior provisions of this Answer.

50. Answering paragraph 50, GoDaddy states that the allegations of paragraph 50 are legal conclusions to which no answer is required. To the extent that these allegations are factual, GoDaddy denies those allegations.

51-52. GoDaddy denies the allegations in paragraphs 51-52 of the Complaint.

**ANSWER TO "COUNT V"**

53. Answering paragraph 53 of the Complaint, GoDaddy incorporates herein by reference the prior provisions of this Answer.

54. Answering paragraph 54 of the Complaint, GoDaddy states that the DNRA speaks for itself.

55-56. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 55-56 of the Complaint and therefore denies the same.

57. GoDaddy denies the allegations in paragraph 57 of the Complaint.

## GENERAL DENIAL

58. GoDaddy denies each and every allegation in plaintiff's Complaint except those expressly admitted herein.

## AFFIRMATIVE DEFENSES

59. GoDaddy alleges that plaintiff's claims do not state viable claims against it upon which relief may be granted.

60. GoDaddy affirmatively alleges that some or all of plaintiff's claims are barred and precluded by the economic loss doctrine.

61. Defendant further alleges that plaintiff's claims are barred, or the amount of damages should be reduced, by the doctrines of comparative fault, assumption of the risk, waiver, and ratification.

62. GoDaddy affirmatively alleges that plaintiff's claims are precluded by the DNRA.

63. GoDaddy affirmatively alleges that plaintiff's claims arise out of contract and that GoDaddy is, therefore, entitled to recover its attorney's fees pursuant to A.R.S. § 12-341.01.

**WHEREFORE**, have fully answered plaintiff's Complaint, GoDaddy requests the following:

A. The plaintiff's Complaint be dismissed, with prejudice;

B. For defendant's costs and attorney's fees incurred herein, together with interest hereon, the highest rate provided by law from the date of entry of judgment until paid; and

C. For such other and further relief as the Court deems just and proper.

**DATED** this 12th day of June, 2006

       **MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.**

      By: s/ Kelly W. Lewis
       Timothy J. Thomason
       Kelly W. Lewis
       2901 North Central Avenue, Suite 200
       Phoenix, Arizona 85012-2705
       Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey H. Wolf (#011361)
wolf@gtlaw.com
Greenberg Traurig, LLP
Suite 700
2375 East Camelback Road
Phoenix, AZ  85016
Attorneys for Plaintiff


s/Cheryl LoStracco