Timothy J. Thomason (#009869)
Tim.thomason@mwmf.com
Kelly W. Lewis (#015479)
Kelly.lewis@mwmf.com
**MARISCAL, WEEKS, MCINTYRE**
   **& FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ENTERTAINMENT NETWORKS, LTD., a foreign corporation, | NO. CV 05-04254-JAT-PHX |
| Plaintiff, | **ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |
| v. | |
| GoDaddy.com, Inc., an Arizona corporation, | |
| Defendant. | |

Defendant GoDaddy.com, Inc. ("GoDaddy"), an Arizona corporation, by and through undersigned counsel, for its Answer to the Third Amended Complaint (the "Complaint") of Entertainment Networks, Ltd. ("ENL"), hereby admits, denies and alleges as follows:

**ANSWER TO "PARTIES"**

1.  GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2.  GoDaddy admits the allegations in paragraph 2 of the Complaint.

3.  GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies the same.

**ANSWER TO "JURISDICTION AND VENUE"**

3-6.   Answering paragraphs 3-6 of the Complaint, GoDaddy does not dispute the jurisdiction and venue are proper in this Court.

**ANSWER TO "GENERAL ALLEGATIONS"**

7-8.   GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 7-8 of the Complaint and therefore denies the same.

9.   Answering paragraph 9, GoDaddy admits that it is the world's largest domain name registrar.  GoDaddy further admits that it offers a complete product line, including comprehensive hosting solutions, web site creation tools, secure SSL certificates, personalized e-mail with spam and anti-phishing filtering, e-commerce tools and other products and services.

10.   Answering paragraph 10, GoDaddy admits that it provided certain domain name registration services to plaintiff and that it registered numerous domain names on behalf of plaintiff.  GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10 of the Complaint and therefore denies the same.

11-12. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 11-12 of the Complaint and therefore denies the same.

13.   Answering paragraph 13, GoDaddy admits that customers who utilize its domain name registration services are requested to agree to the terms of the Domain Name Registration Agreement ("DNRA") available on GoDaddy's web site.

14.   Answering paragraph 14, GoDaddy admits that it requests that customers utilizing its domain name registration services agree to its "spam" policy.

15-18.   Answering paragraphs 13-16 of the Complaint, GoDaddy states that the DNRA and its Spam Policy speak for themselves.

19-20.   Answering paragraphs 19-20 of the Complaint, GoDaddy admits that it received numerous spam complaints about ENL domain names in January of 2005, that

warnings were sent to ENL, that ENL did not respond to those complaints until after the domain names had been suspended, that GoDaddy subsequently worked with ENL to resolve those complaints, and that it agreed to send further spam complaints to ENL  The remaining allegations in paragraphs 19-20 are denied.

21.     Answering paragraph 21, GoDaddy admits that plaintiff agreed to participate in the abuse enforcement program and that complaints were forwarded to plaintiff's designated contact person, Michael Bryer, pursuant to that program.  GoDaddy also admits that plaintiff agreed to cooperate with the abuse department to resolve any network abuse issues.  GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint and therefore denies the same.

22.     Answering paragraph 22, GoDaddy admits that certain complaints were sent to plaintiff's designated contact person.  GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 22 of the Complaint and therefore denies the same.

23.     Answering paragraph 23, GoDaddy admits that it deactivated various domains that had been registered by plaintiff on or about July 29, 2005.

24.     GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25-26.     Answering paragraph 25-26 of the Complaint, GoDaddy states that the July 31, 2005 e-mail speaks for itself.  GoDaddy further admits that the ENL domain names were deactivated because they were implicated in a Spamhaus blacklist that had the potential to jeopardize the mail connection of GoDaddy's other e-mail customers.

27.     GoDaddy denies the allegations in paragraph 27 of the Complaint.

28.     GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore denies the same.

29.     GoDaddy denies the allegations in paragraph 29 of the Complaint.

30. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31. GoDaddy denies the allegations in paragraph 31 of the Complaint.

32. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and therefore denies the same.

33. GoDaddy denies the allegations in paragraph 33 of the Complaint.

34. Answering paragraph 34, GoDaddy admits only that GoDaddy faced a risk of being block listed. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 34 of the Complaint and therefore denies the same.

35-36. Answering paragraphs 35-36, GoDaddy denies that it caused any damage. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraphs 35-36 of the Complaint and therefore denies the same.

## ANSWER TO "COUNT ONE"

37. Answering paragraph 37, GoDaddy incorporates herein by reference the prior provisions of this Answer.

38. GoDaddy admits the allegations in paragraph 38 of the Complaint.

39-43. GoDaddy denies the allegations in paragraphs 39-43 of the Complaint.

## ANSWER TO "COUNT TWO"

44. Answering paragraph 44, GoDaddy incorporates herein by reference the prior provisions of this Answer.

45. Answering paragraph 45, GoDaddy admits that a contract existed between it and ENL and further admits that under Arizona law an implied covenant of good faith and fair dealing exists in every contract.

46. Answering paragraph 46, GoDaddy states that the allegations in paragraph 46 are legal conclusions, to which no answer is required.

47-48. GoDaddy denies the allegations in paragraphs 47-48 of the Complaint.

**ANSWER TO "COUNT THREE"**

49. Answering paragraph 49, GoDaddy incorporates herein by reference the prior provisions of this Answer.

50-51. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 50-51 of the Complaint and therefore denies the same.

52-57. GoDaddy denies the allegations in paragraphs 52-57 of the Complaint insofar as the allegations pertain to GoDaddy. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraphs 52-57 of the Complaint and therefore denies the same.

**ANSWER TO "COUNT FOUR"**

58. Answering paragraph 58 of the Complaint, GoDaddy incorporates herein by reference the prior provisions of this Answer.

59. Answering paragraph 59 of the Complaint, GoDaddy states that the DNRA speaks for itself.

60-62. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 60-62 of the Complaint and therefore denies the same.

**ANSWER TO "COUNT FIVE"**

63. Answering paragraph 63, GoDaddy incorporates herein by reference the prior provisions of this Answer.

64-65. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 64-65 of the Complaint and therefore denies the same.

66. Answering paragraph 66, GoDaddy states that the Spamhaus web site speaks for itself. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 66 of the Complaint and therefore denies the same.

67-75. GoDaddy lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 67-75 of the Complaint and therefore denies the same.

## GENERAL DENIAL

76. GoDaddy denies each and every allegation in plaintiff's Complaint except those expressly admitted herein.

## AFFIRMATIVE DEFENSES

77. GoDaddy alleges that plaintiff's claims do not state viable claims against it upon which relief may be granted.

78. GoDaddy affirmatively alleges that some or all of plaintiff's claims are barred and precluded by the economic loss doctrine.

79. Defendant further alleges that plaintiff's claims are barred, or the amount of damages should be reduced, by the doctrines of comparative fault, assumption of the risk, waiver, and ratification.

80. GoDaddy affirmatively alleges that plaintiff's claims are precluded by the DNRA.

81. GoDaddy affirmatively alleges that plaintiff's claims arise out of contract and that GoDaddy is, therefore, entitled to recover its attorney's fees pursuant to A.R.S. § 12-341.01.

**WHEREFORE**, have fully answered plaintiff's Complaint, GoDaddy requests the following:

A. The plaintiff's Complaint be dismissed, with prejudice;

B. For defendant's costs and attorney's fees incurred herein, together with interest hereon, the highest rate provided by law from the date of entry of judgment until paid; and

1      C.    For such other and further relief as the Court deems just and proper.

2      **DATED** this 29th day of November, 2006

**MARISCAL, WEEKS, McINTYRE  
& FRIEDLANDER, P.A.**

By: <u>s/ Timothy J. Thomason</u>  
    Timothy J. Thomason  
    Kelly W. Lewis  
    2901 North Central Avenue, Suite 200  
    Phoenix, Arizona 85012-2705  
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey H. Wolf (#011361)
wolfj@gtlaw.com
Greenberg Traurig, LLP
Suite 700
2375 East Camelback Road
Phoenix, AZ  85016
Attorneys for Plaintiff


s/Kelly Haverstock